# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
### AT LOUISVILLE

GERALD W. HAMMOND *et al.*                                                                    PLAINTIFFS

v.                                                                    CIVIL ACTION NO. 3:10CV-203-H

HSBC MORTGAGE SERVICES, *et al.*                                                            DEFENDANTS

## MEMORANDUM OPINION

Plaintiffs Gerald W. Hammond and Patricia J. Hammond filed a *pro se* civil complaint.

Rule 12(h)(3) of the Federal Rules of Civil Procedure provides, "If the court determines at any

time that it lacks subject-matter jurisdiction, the court must dismiss the action."  As a review of the

complaint reveals that this Court lacks jurisdiction over the subject matter contained therein, the

Court will dismiss the action.

## I.

Plaintiffs file suit against HSBC Mortgage Services, Mortgage Electronic Registration

Systems, Inc., which Plaintiffs describe as "nominee of Accredited Home Lenders, Inc.," and

Commissioner Richard C. Oldham, Jr., of Jefferson Circuit Court.  Plaintiffs file their complaint

on the Court-approved general complaint form.  When asked to state the grounds for filing this

case in federal court, Plaintiffs state, "Notice of Removal and Discrimination by HSBC Mortgage

Services and Accredited Home Lenders and Discrimination by Commissioner Richard C. Oldham,

Jr."  In their statement of the claim, Plaintiffs allege that Commissioner Oldham "made statements

that were racially Discriminatory.  He discriminated against us not allowing our motion to be

heard by the court."  They further allege, "We the petitioners desire to exercise our rights under the

provision c) Title 28 U.S.C. to remove thisaction from State court in which said action is pending

under the above captioned title.  This is an action which the Federal court would have jurisdiction

over the commercial and Constitutional laws."  As relief, Plaintiffs seek, "Dismiss Writ of

Possession by the Commissioner for lack of subject matter; Dismiss Motion to Vacate and overturn the Judgement of Foreclosure; Rule in favor of plaintiffs; [and] Dismiss all liens."

**II.**

It is axiomatic that federal district courts are courts of limited jurisdiction, and their powers are enumerated in Article III of the Constitution. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Hudson v. Coleman*, 347 F.3d 138, 141 (6th Cir. 2003) ("[I]t is well established that federal courts are courts of limited jurisdiction, possessing only that power authorized by the Constitution and statute."). "Jurisdiction defines the contours of the authority of courts to hear and decide cases, and, in so doing, it dictates the scope of the judiciary's influence." *Douglas v. E.G. Baldwin & Assoc. Inc.*, 150 F.3d 604, 606 (6th Cir. 1998), *overruled on other grounds by Cobb v. Contract Transp., Inc.*, 452 F.3d 543, 548-49 (6th Cir. 2006). Moreover, federal courts have an independent duty to determine whether they have jurisdiction and to "police the boundaries of their own jurisdiction." *Douglas*, 150 F.3d at 607 (citing *Ebrahimi v. City of Huntsville Bd. of Educ.*, 114 F.3d 162, 165 (11th Cir. 1997)). The party who seeks to invoke a federal district court's jurisdiction bears the burden of establishing the court's authority to hear the case. *Kokkonen*, 511 U.S. at 377.

Plaintiffs have failed to meet their burden as this case is barred by the *Rooker-Feldman* doctrine. Under this doctrine, federal courts lack jurisdiction to review a case litigated and decided in state court. *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 & n.16 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923). The doctrine prevents both a direct attack of the substance of a state court decision and a challenge to the procedures used by the state court in arriving at its decision. *Anderson v. Charter Township of Ypsilanti*, 266 F.3d 487, 493 (6th Cir. 2001). "A party raising a federal question must appeal a state court

2

decision through the state system and then directly to the Supreme Court of the United States." *United States v. Owens*, 54 F.3d 271, 274 (6th Cir. 1995) (citing *Feldman*, 460 U.S. at 476; *Rooker*, 263 U.S. at 415). Only the United States Supreme Court has jurisdiction to correct state court judgments. *Feldman*, 460 U.S. at 482.

Here, the issues raised in the complaint are inextricably intertwined with the state court action such that Plaintiffs are asking this Court to "overturn the Judgment of Foreclosure" by the state court. The *Rooker-Feldman* doctrine is, therefore, directly applicable. Plaintiffs are "asking this Court to enter an order that will effectively render the final judgment entered by the state court null and void. Plaintiff's complaint is, therefore, subject to dismissal for lack of subject matter jurisdiction and fails to state a claim upon which relief may be granted." *McCroy v. New York Bank and Trust Co.*, No. 08-12701, 2008 U.S. Dist. LEXIS 51953 at *1 (E.D. Mich. July 07, 2008) (dismissing case under *Rooker-Feldman* doctrine where *pro se* plaintiff sued bank after property foreclosed on in state-court proceeding); *see also Kafele v. Lerner, Sampson & Rothfuss, L.P.A.*, 161 F. App'x 487, 490 (6th Cir. 2005) (finding district court had no subject-matter jurisdiction under *Rooker-Feldman* doctrine over claim against mortgage company after state-court foreclosure).

For the foregoing reasons, the Court will dismiss the instant action by separate Order.

Date:

cc:     Plaintiff, *pro se*
4412.010

3